UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONOVAN MARSHALL,

    Plaintiff,

v.

DANONE US, INC.,

    Defendant.

Case No. 19-cv-01332-RS

**ORDER DENYING MOTION TO DISMISS**

## I. INTRODUCTION

This putative class action challenges as misleading the labeling of Silk Coconutmilk ("Silk"), a product of defendant Danone US, Inc. Specifically, plaintiff contends representations that Silk is "cholesterol free," while true, create a misleading impression regarding the health-promoting benefits of the product, given its saturated fat content. Danone seeks dismissal with prejudice, contending plaintiffs have not stated, and cannot state, a claim. Having been submitted without oral argument pursuant to Civil Local Rule 7-1(b), the motion will be denied.

## II. BACKGROUND

The complaint alleges Silk is primarily an emulsion of coconut oil suspended in water (coconut cream), made through a process whereby the coconut meat is pressed to release the oil from the meat. Although the carton designs have varied, the back side of cartons during the putative class period have always provided a list of substances that Silk does *not* contain. In one

design, relatively large text "Free From:" is followed by a list including "dairy," "gluten," and "cholesterol," with "cholesterol" in larger font than some of the other listed items. Complaint Appendix 1, p. 1. In another design, a list includes "gluten-free," "soy-free," "cholesterol-free," and other items all in the same font size, with graphic symbols next to each item. Complaint Appendix 1, p. 3. The symbol beside "cholesterol-free" is a heart allegedly intended to show it is "broken," which is also crossed out with a line—i.e., supposedly thereby conveying that because the product is cholesterol-free, it will not be damaging to heart health.

These representations about what Silk does *not* contain appear on the same side of the carton and in close proximity to the standard FDA "Nutrition Facts" panel. That panel states a serving of Silk contains 0 mg cholesterol, but 3 or more grams of saturated fat, depending on the specific variety of the product.

The complaint asserts five claims for relief:  (1) Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"); (2) Violation of the False Advertising Law, Cal. Bus. & Prof. Code, §§ 17500, *et seq*. ("FAL"); (3) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA"); (4) Breach of Express Warranties, Cal. Com. Code § 2313(1), and; (5) Breach of the Implied Warranty of Merchantability, Cal. Com. Code § 2314.  Jurisdiction in this court is predicated on The Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

### III.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  This standard asks for "more than a sheer

possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. Claims sounding in fraud must meet a somewhat higher specificity standard as provided by Rule 9 of the Federal Rules of Civil Procedure.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

## IV. DISCUSSION

### A. Equitable relief

Danone moves to dismiss the UCL claim and the FAL claim on grounds that they both seek only equitable relief—restitution and/or an injunction—which Danone contends is unavailable where plaintiffs' legal claims for relief demonstrate they will be unable to establish that legal remedies are inadequate. Danone all seeks dismissal of the remaining claims to the extent any of them also seek equitable relief.

Case law in this district is divided as to the propriety of dismissing equitable claims at the pleading stage in circumstances like these. Compare *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) ("several courts in this district have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law") with *Adkins v. ComcastCorp.*, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017) ("A few federal courts seem to have decided that claims for equitable relief should be dismissed at the pleading

ORDER DENYING MOTION TO DISMISS
CASE NO. 19-cv-01332-RS
3

stage if the plaintiff manages to state a claim for relief that carries a remedy at law. . . . But this Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleadings stage."); *see also Aberin v. Am. Honda Motor Co., Inc*., 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018) (following *Adkins*, and declining to dismiss equitable claims). Because the *Adkins* and *Aberin* approach appears more consistent with ordinary pleading principles, the motion to dismiss will not be granted on this ground.[1]

B. Deception

Danone contends the complaint does not plausibly allege any deceptive act or false advertising because (1) there is no allegation, nor could there be, that the "cholesterol-free" claim is false, and (2) no reasonable consumer could be misled where the saturated fat content of Silk is disclosed in close proximity to the "cholesterol-free" claim.[2] As the complaint alleges, and as Danone acknowledges, under 21 C.F.R. § 101.62(d)(1), to bear the nutrient content claim "no cholesterol," "cholesterol-free," or similar claims that cholesterol is absent, a food must, among

---

[1] The decision in *Mullins v. Premier Nutrition Corp*., 2018 WL 510139, at *4 (N.D. Cal. Jan. 23, 2018), while technically made at the pleading stage, arose in an unusual procedural context where plaintiff had expressly abandoned her damages claim. It does not compel dismissal here. Additionally, even if it might be proper to dismiss *some* kinds of equitable claims in cases like these, there should be no automatic presumption that the existence of legal remedies necessarily bars all equitable relief. For example, in *Huu Nguyen v. Nissan N. Am., Inc*., 2017 WL 1330602 (N.D. Cal. Apr. 11, 2017), the court dismissed a claim for one particular equitable remedy as barred by availability of damages, but did *not* conclude that a request for prospective injunctive relief was foreclosed by the damages claim; the claim for future injunctive relief was instead dismissed for lack of standing. Here, Danone has not challenged plaintiff's standing to seek prospective injunctive relief.

[2] Although Danone is correct that this is not a case where large print claims on the front of a product are only qualified by small print disclosures on the back (in the Nutrition Facts panel or elsewhere), it would still be a stretch to conclude as a matter of law that information in the black and white, formulaic, dry recitation of the Nutrition Facts panel is necessarily sufficient to offset claims made in the more colorful advertising-type language on the packaging, even on the same side of the container. In any event, this decision does not turn on that point, however.

other things, contain less than 2 grams of saturated fat per "Reference Amount Customarily Consumed." *Id*. § 101.62(d)(1)(ii)(C). Here, as noted above, the Nutrition Fact panel states Silk contains 3 or more grams of saturated fat per serving, depending on the variety.

While there is no direct private right of action under 21 C.F.R. § 101.62(d)(1), it is at a minimum relevant for determining what can plausibly be alleged to be deceptive under state law. Danone's only response to 21 C.F.R. § 101.62(d)(1) is a strained argument that a reasonable consumer could not be deceived by the apparent failure to comply with the regulation unless he or she: (1) was aware of section 101.62 and knew it precludes cholesterol-free label statements if the product contains more than 2 grams of saturated fat per serving; (2) viewed the "cholesterol-free" statements on the label but did not see the saturated fat disclosure, and; (3) bought the product in reliance on the belief that it was in compliance with the regulation.

Danone is missing the point. What section 101.62 serves to show is that the FDA, which has expertise in, and responsibility for, determining what food labeling practices may mislead consumers, believes that consumers may understand "cholesterol-free" to convey certain health benefits that in fact do not exist if the product contains saturated fats above a certain level. Whether the FDA is right or wrong on that point, or whether Danone may ultimately prevail on the merits for any number of reasons, there simply is no doubt that plaintiff has stated a *plausible* claim that the labels are misleading.

Nor can Danone rely on its assertion that consumers generally understand excessive consumption of saturated fat may impact cholesterol and cardiovascular health. The FDA apparently believes consumers will draw unwarranted conclusions about health benefits of "cholesterol-free" products despite that general understanding, and therefore prohibits use of the term on products with saturated fat levels exceeding 2 grams per serving.

Finally, Danone's arguments that plaintiff cannot prove the labels implied Silk is healthy "by some undefined measure" or contained other promises about heart health mischaracterize the essence of the claim plaintiff is making. The precise conclusions consumers might draw are not critical, at least at this stage. In light of the FDA's conclusion that advertising "cholesterol-free" is

misleading for products with more than 2 grams of fat per serving, plaintiff's allegations to the same effect state a plausible claim.

### C. Warranty

Danone's motion identifies several challenges plaintiff will face in proving that his claims fit under the rubric of breach of express or implied warranties. It is far from clear that those claims add anything, or that they will ultimately survive, even if plaintiff prevails under one or more of the consumer protection statutes advanced. Given the conclusion above, however, that plaintiff has plausibly alleged label statements were deceptive even if literally true, it is not beyond dispute that the warranty claims are untenable.

## V. CONCLUSION

The motion to dismiss is denied.[3] Defendant shall file an answer to the complaint within 20 days of the date of this order. The Initial Case Management Conference is continued to October 10, 2019, with a joint Case Management Conference Statement to be filed one week in advance.

**IT IS SO ORDERED**.

Dated: September 13, 2019

RICHARD SEEBORG
United States District Judge

---

[3] Danone's motion for leave to submit supplemental authority (Dkt. No. 23) is granted. The additional case, however, did not implicate labeling practices specifically prohibited by FDA regulation, and is therefore only tangentially relevant.

ORDER DENYING MOTION TO DISMISS
CASE NO. 19-cv-01332-RS